**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEXTRACKER INC., <br><br> Plaintiff, <br><br> v. <br><br> SOLAR FLEXRACK and NORTHERN STATES METALS COMPANY <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

NEXTracker Inc., a Delaware Corporation ("NEXTracker"), files this Original Complaint and demand for jury trial seeking relief from patent infringement by Solar FlexRack, a division of Northern States Metals Company (referred to collectively as "FlexRack"), alleging as follows:

**NATURE OF THE ACTION**

1. NEXTracker and FlexRack compete in the solar tracker industry. Both companies sell devices that rotate solar panels, also known as photovoltaic (PV) modules, to improve the power production of those panels. NEXTracker is a leader in the solar tracker industry, and has developed and acquired patents on key tracker technology. FlexRack has improperly made use of NEXTracker's patented technology. NEXTracker has suffered and continues to suffer significant injury because of FlexRack's patent infringement. NEXTracker brings this complaint to hold FlexRack responsible for its infringement and to protect NEXTracker's leading market position, secured in part by its innovative and patented contributions to the tracker industry.

1

## THE PARTIES

2.  Plaintiff NEXTracker is a Delaware corporation with its principal place of business located at 6200 Paseo Padre Parkway, Fremont, California 94555.

3.  On information and belief, Defendant Northern States Metals Company is a Delaware corporation with its principal place of business at 3207 Innovation Pl., Youngstown, OH, 44509 and Defendant Solar FlexRack is a division of Northern States Metals located at the same business address.

## JURISDICTION

4.  NEXTracker brings this action for patent infringement under Title 35 of the United States Code. Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) (2012).

## PERSONAL JURISDICTION AND VENUE

5.  This Court has general personal jurisdiction over Northern States Metals and its division FlexRack because Northern States Metals is incorporated in this judicial district. Moreover, this Court has specific personal jurisdiction over FlexRack because, *inter alia*, FlexRack has conducted business in this judicial district, purposefully availing itself of the benefits of doing business in Delaware.

6.  On information and belief, FlexRack offers for sale, or sells products in this judicial district that are accused of infringement in this action. Those actions comprise part of FlexRack's business in Delaware and form part of the basis for this suit.

7.  Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Northern States Metals is incorporated in this judicial district.

## PATENTS-IN-SUIT

8.  On October 31, 2017, United States Patent No. 9,806,669 ("the '669 Patent"), entitled "Single-Axis Follower Support System for a Solar Collector," was duly and legally

issued by the United States Patent and Trademark Office.  A true and correct copy of the '669 Patent is attached as **Exhibit 1** to this complaint.

9. On May 15, 2018, United States Patent No. 9,970,686 ("the '686 Patent"), entitled "Balanced Solar Tracker Clamp," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '686 Patent is attached as **Exhibit 11** to this complaint.

10. The '669 and '686 patents are referred to herein as the "Patents-in-Suit."

11. By assignment, NEXTracker owns all right, title, and interest in and to each of the Patents-in-Suit.  NEXTracker possesses the sole, exclusive, and undivided right to sue for infringement and collect damages for past and future infringement of the Patents-in-Suit.  FlexRack had and has no license or authority under the Patents-in-Suit.

## FACTUAL BACKGROUND

12. NEXTracker was founded in 2013 to transform the solar tracking industry with breakthrough technology and exceptional customer service that enables solar technology to be an effective, flexible, and cost-efficient solution for power plants around the world.  Solar trackers adjust the positioning of solar panels or photovoltaic (PV) modules to increase the efficiency of their solar power capture.



A NEXTracker Solar Tracker

13. NEXTracker introduced key innovations to the solar tracking industry, benefiting customers with lower cost, faster installation, and greater energy production. In addition to the Patents-in-Suit, NEXTracker's innovations include the first successfully commercialized tracker with eighty (80) or more solar panels, the first certified self-grounded tracker, and the first successfully commercialized self-powered tracker. Customers responded quickly and favorably to NEXTracker's products.

14. In recognition of its impact on the solar industry, NEXTracker received the 2016 Edison Award (named after Thomas Edison), which honors the "best in innovation and excellence in the development of new products and services."



15. On information and belief, FlexRack designs, manufactures, uses, offers for sale, sells, or imports solar trackers within the United States. On information and belief, FlexRack began operating in 2009 when Northern States Metals developed its first fixed-mount solar racking system. In 2011, FlexRack acquired design rights to a single axis tracker and began offering solar tracking solutions. On information and belief, in 2017, FlexRack introduced its "TDP-2.0" tracker system, which FlexRack designed and manufactured, and which it uses, offers for sale, sells, or imports within the United States. FlexRack now offers its infringing TDP-2.0 tracker system in competition with NEXTracker.

16. On information and belief, FlexRack designs and manufactures its TDP-2.0 solar trackers at FlexRack's Ohio facilities. Then, FlexRack uses, offers for sale, and sells its TDP-2.0 solar trackers throughout the United States.

17. For example, FlexRack has offered for sale, sold, and installed its solar trackers in California, Texas, Georgia, Illinois, and many other states.

Map of FlexRack's Solar Tracker Installations available at

http://solarflexrack.com/map-of-solar-trackers/



18. On information and belief, FlexRack has offered its solar trackers for sale at conferences in the United States, including at least Intersolar 2020, Solar Power International 2019, and Solar Power Southeast 2019. **Exhibits 2, 3, and 4.**

19. On information and belief, FlexRack also contributes to others' infringing installation and/or use of solar trackers. For example, FlexRack sells some of its TDP-2.0 solar trackers as a collection of components. Some of FlexRack's customers assemble those components into a solar tracker and then install and/or use that solar tracker. **Exhibit 5.**

20. On information and belief, FlexRack induces others to infringe by making and/or using its solar trackers. For example, FlexRack marketed it products by attending conferences in the United States, including Intersolar 2020, Solar Power International 2019, and Solar Power

Southeast 2019.  **Exhibits 2, 3, and 4.**  On information and belief, in this marketing, FlexRack provides instructions for how to use its infringing solar trackers and induces others to use its infringing solar trackers.

21. As another example, FlexRack actively markets its solar trackers on its website and on YouTube.  On information and belief, in this marketing, FlexRack provides instructions for how to use its infringing solar trackers and induces others to so use its infringing solar trackers.  **Exhibit 6, 7, and 8.**

22. As another example, FlexRack conducts engineering, geotechnical analysis, pull-testing, field and layout services for others who use its solar trackers.  **Exhibit 9.**  On information and belief, FlexRack undertakes each of these tasks to induce others to buy and use its solar trackers.

23. After FlexRack began marketing its infringing TDP-2.0 tracker technology, on May 7, 2020, NEXTracker sent a letter to FlexRack, informing FlexRack of NEXTracker's patents, including specifically the '669 Patent, and FlexRack's infringement.  **Exhibit 10.** FlexRack has refused to take a license or stop marketing and selling the infringing TDP-2.0 tracker system.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '669 Patent)

24. NEXTracker repeats and re-alleges Paragraphs 1 through 23 above as if fully set forth herein.

25. On information and belief, FlexRack directly infringes the '669 Patent under 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents.

26. For example, FlexRack has directly infringed, both literally and under the doctrine of equivalents, at least claim 1 of the '669 Patent.  FlexRack makes, uses, offers for sale, sells, or imports within the United States products, including the TDP-2.0 solar tracker system, that meet every limitation of at least claim 1.  TDP-2.0 solar trackers in fact bear a striking resemblance to NEXTracker's own patented solar trackers.

A NEXTracker Solar Tracker



Screen Capture from FlexRack video







27. Claim 1 of the '669 Patent is directed to a single-axis tracker support system for at least one solar collector, said support system comprising: (1) a fixed structure for anchorage to a ground, and (2) a platform configured to support at least one solar collector, said platform being fastened on at least one horizontal central beam rotatably mounted on the fixed structure around a horizontal axis of rotation inside at least one bearing fastened on the fixed structure, (3) wherein at least one bearing comprises (i) a rotatable part including, on the one hand, a housing for receiving the horizontal central beam and, on the other hand, a guide rail presenting a circular-arch shape centered on said horizontal axis of rotation, said guide rail extending below said housing and (ii) a base held on the fixed structure and onto which are fastened rolling members, said rolling members being mounted so as to roll in the guide rail of the rotatable part.

28. TDP-2.0 solar trackers contain a fixed structure for anchorage to a ground. TDP-2.0 solar trackers contain vertical piers that are fixed and provide anchorage to a ground.



29. TDP-2.0 solar trackers contain a platform configured to support at least one solar collector, said platform being fastened on at least one horizontal central beam rotatably mounted on the fixed structure around a horizontal axis of rotation inside at least one bearing fastened on the fixed structure.



30. TDP-2.0 solar trackers contain at least one bearing that contains (i) a rotatable part including, on the one hand, a housing for receiving the horizontal central beam and, on the other hand, a guide rail presenting a circular-arch shape centered on said horizontal axis of rotation, said guide rail extending below said housing and (ii) a base held on the fixed structure and onto which are fastened rolling members, said rolling members being mounted so as to roll in the guide rail of the rotatable part.



The TDP-2.0 thus infringes at least claim 1 of the '669 patent, literally and under the doctrine of equivalents.

31. On information and belief, FlexRack contributes to others' infringement of the '669 Patent under 35 U.S.C. § 271(c).

32. As described in Paragraph 19, FlexRack sells some of its solar trackers as a collection of components. When FlexRack's customers assemble and/or use those trackers, the customers directly infringe the '669 Patent. *See* Paragraphs 27–30.

33. On information and belief, the collection of components supplied by FlexRack is especially made or adapted for use in an infringing manner and is not a common component suitable for non-infringing use.

34. On information and belief, FlexRack supplied the components for its solar trackers with knowledge that the components were especially made or adapted for use in an infringing manner.

35. On information and belief, FlexRack induces others to infringe the '669 Patent under 35 U.S.C. § 271(b).

36. As described in Paragraphs 20 through 22, FlexRack induces others to install or use its infringing solar trackers, including its TDP-2.0 solar trackers.

37. On information and belief, FlexRack's conduct described in Paragraphs 20 through 22 was intentional: FlexRack acted with specific intent that its customers would install and/or use FlexRack's infringing solar trackers.

38. Others' installation and/or use of FlexRack's solar trackers constitutes direct infringement of the '669 Patent.  *See* Paragraphs 27–30.

39. As described in Paragraph 23, FlexRack has known of the '669 Patent since at least May 7, 2020.

40. NEXTracker has suffered and continues to suffer harm as a result of FlexRack's direct, contributory and inducement infringement.

41. NEXTracker has no adequate remedy at law for FlexRack's infringement.  As a direct and proximate result of FlexRack's infringement, NEXTracker has suffered and continues to suffer irreparable harm.  Unless this Court enjoins FlexRack's acts, NEXTracker will continue to suffer irreparable harm.

42. NEXTracker is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 (2012).

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '686 Patent)**

43. NEXTracker repeats and re-alleges Paragraphs 1 through 23 above as if fully set forth herein.

44. On information and belief, FlexRack directly infringes the '686 Patent under 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents.

45. For example, FlexRack has directly infringed, both literally and under the doctrine of equivalents, at least claim 8 of the '686 Patent. FlexRack makes, uses, offers for sale, sells, or imports within the United States products, such as the TDP 2.0 solar tracker, that meet every limitation of at least claim 8.

46. Claim 8 of the '686 Patent is directed to a tracker apparatus comprising (1) a first pier comprising a first pivot device; (2) a second pier comprising a drive mount, the drive mount capable of accommodating construction tolerances in at least three-axes; (3) a torque tube operably disposed on the first pier and the second pier, the torque tube comprising a first end and a second end; (4) a clamp configured around a portion of the torque tube, the clamp comprising a support region configured to support a portion of a solar module; (5) a clamp assembly comprising a housing coupled to the torque tube such that the torque tube is coupled to the housing, the housing comprising an opening having a major plane normal to a length of the torque tube, the opening comprising a first inner region and a second inner region, the first inner region acts as a first stop for movement of the torque tube when moved in a first radial direction, and the second inner region acts as a second stop for movement of the torque tube when moved in a second radial direction.

47. TDP 2.0 solar trackers contain a first pier comprising a first pivot device.



48. TDP 2.0 solar trackers contain a second pier comprising a drive mount, the drive mount capable of accommodating construction tolerances in at least three-axes.



49. TDP 2.0 solar trackers contain a torque tube operably disposed on the first pier and the second pier, the torque tube comprising a first end and a second end.



50. TDP 2.0 solar trackers contain a clamp configured around a portion of the torque tube, the clamp comprising a support region configured to support a portion of a solar module.



51. TDP 2.0 solar trackers contain a clamp assembly comprising a housing coupled to the torque tube such that the torque tube is coupled to the housing, the housing comprising an opening having a major plane normal to a length of the torque tube, the opening comprising a first inner region and a second inner region, the first inner region acts as a first stop for movement of the torque tube when moved in a first radial direction, and the second inner region acts as a second stop for movement of the torque tube when moved in a second radial direction.



The TDP-2.0 thus infringes at least claim 8 of the '686 patent, literally and under the doctrine of equivalents.

52. On information and belief, FlexRack contributes to others' infringement of the '686 Patent under 35 U.S.C. § 271(c).

53. As described in Paragraph 19, FlexRack sells some of its solar trackers as a collection of components. When FlexRack's customers assemble and use those trackers, the customers directly infringe on the '686 Patent. *See* Paragraphs 46–51.

54. On information and belief, the collection of components supplied by FlexRack is especially made or adapted for use in an infringing manner and is not a common component suitable for non-infringing use.

55. On information and belief, FlexRack supplied the components for its solar trackers with knowledge that the components were especially made or adapted for use in an infringing manner.

56. On information and belief, FlexRack induces others to infringe the '686 Patent under 35 U.S.C. § 271(b).

57. As described in Paragraphs 20 through 22, FlexRack induces others to install or use its infringing solar trackers, including its TDP 2.0 solar trackers.

58. On information and belief, FlexRack's conduct described in Paragraphs 21 through 26 was intentional: FlexRack acted with specific intent that its customers would install and/or use FlexRack's infringing solar trackers.

59. Others' installation and/or use of FlexRack's solar trackers constitutes direct infringement of the '686 Patent. *See* Paragraphs 46–51.

60. FlexRack has known of the '686 Patent at least as of the filing of this complaint.

61. NEXTracker has suffered and continues to suffer harm as a result of FlexRack's direct, contributory and inducement infringement.

62. NEXTracker has no adequate remedy at law for FlexRack's infringement. As a direct and proximate result of FlexRack's infringement, NEXTracker has suffered and continues to suffer irreparable harm. Unless this Court enjoins FlexRack's acts, NEXTracker will continue to suffer irreparable harm.

63. NEXTracker is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284 (2012).

**PRAYER FOR RELIEF**

NEXTracker respectfully requests the following relief:

a) For a judgment in favor of NEXTracker that FlexRack has infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit;

b) For an award of damages sufficient to compensate NEXTracker for FlexRack's infringement, in an amount to be determined at trial;

c) For a judgment in favor of NEXTracker permanently enjoining FlexRack, their directors, officers, agents, servants and employees, and those acting in privity with them, and their parents, subsidiaries, divisions, branches, affiliates, successors and assigns, from further acts of infringement, induced infringement, or contributory infringement of the Patents-in-Suit;

d) For an award of pre and post-judgment interest, and the taxation of all allowable costs against FlexRack;

e) That FlexRack be ordered to provide an accounting for the damages resulting from the infringement of the Patents-in-Suit, together with interests and costs, and all other damages permitted by 35 U.S.C. § 284 (2012), including an accounting for infringing acts not presented at trial and an award by the court of additional damages for any such infringing acts; and

f) For any other and further relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NEXTracker demands a trial by jury on all issues on which a jury trial is available under applicable law.

Dated: June 25, 2020                                          FISH & RICHARDSON P.C.

By: */s/ Gregory R. Booker*
　　Gregory R. Booker (#4784)
　　222 Delaware Avenue, 17th Floor
　　Wilmington, DE 19801
　　Telephone: (302) 652-5070
　　Facsimile: (302) 652-0607
　　booker@fr.com

　　Frank E. Scherkenbach (CA SBN 142549)
　　FISH & RICHARDSON P.C.
　　One Marina Park Drive
　　Boston, MA 02210
　　Telephone: (617) 542-5070
　　Facsimile: (617) 542-8906
　　scherkenbach@fr.com

　　Howard G. Pollack
　　Katherine D. Prescott
　　FISH & RICHARDSON P.C.
　　500 Arguello Street, Suite 500
　　Redwood City, CA 94063
　　Telephone: (650) 839-5070
　　Facsimile: (650) 839-5071
　　pollack@fr.com
　　prescott@fr.com

　　*Attorneys for Plaintiff*
　　*NEXTRACKER INC.*